IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL BEAUDRY, ) | |
| individually and on behalf of all others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-0842 |
| ) | Judge Trauger |
| TELECHECK SERVICES, INC., ) | |
| TELECHECK INTERNATIONAL, INC., ) | |
| and FIRST DATA CORP., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is the Renewed Motion for Class Certification filed by plaintiff Cheryl Beaudry (Docket No. 57), to which the defendants have filed a response (Docket No. 60). For the reasons discussed below, the plaintiff's motion will be denied without prejudice.

## BACKGROUND

The plaintiff, Cheryl Beaudry, has filed this putative class action seeking damages for the defendants' alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] The defendants collect, store, and maintain information regarding consumers' check-writing history, and they operate a business that allows retailers to check the credit risk of consumers before accepting personal checks.

---

[1] Unless otherwise noted, the facts and allegations are drawn from the parties' submissions and the plaintiff's Complaint (Docket No. 1).

1

The defendants' computer systems rely on driver's license numbers as identifiers for consumers. In 2002, Tennessee began using nine-digit driver's license numbers, and it added "0" to the front of existing eight-digit numbers to make them compatible. The plaintiff alleges that the defendants' databases failed to link Tennessee consumers' new nine-digit numbers to account activity under their old eight-digit numbers, which caused the defendants to report inaccurate credit information. The plaintiff claims that this was a violation of § 1681e(b). She seeks damages and an injunction forcing the defendants to link activity under the new numbers to activity under the old eight-digit numbers. She further seeks to represent a class of "all individuals . . . holding a Tennessee driver license that was changed from an eight-digit to a nine-digit number." (Docket No. 1 ¶ 13.)

The court initially dismissed the case on the grounds that the plaintiff did not allege a cognizable injury and that the FCRA does not provide a private right of action for injunctive relief. (Docket No. 35 at 8-12.) The Sixth Circuit reversed, holding that the plaintiff had sufficiently pleaded injury and reserving the question regarding injunctive relief. *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705 (6th Cir. 2009). It remanded the case to this court for further proceedings. *Id.* at 709.

In September 2009, the plaintiff filed a Motion for Class Certification, to Hold Class Certification Motion in Abeyance Pending Completion of Discovery, and to Permit Supplementation of Class Certification Motion Following Completion of Discovery. (Docket No. 46.) Resolution of the motion was delayed because the Sixth Circuit did not issue its mandate until May 3, 2010, after the Supreme Court denied the defendants' application for a writ

2

of certiorari. On June 17, 2010, after a case management conference at which the parties agreed to submit a proposed agreed order setting deadlines, this court denied the motion as moot. (Docket No. 56.) The next day, the plaintiff filed this renewed motion.

## ANALYSIS

The plaintiff concedes that her Motion for Class Certification is premature and that discovery is necessary before she can show that her claims meet the requirements of Federal Rule of Civil Procedure 23. (*See* Docket No. 59 at 1; Docket No. 47 at 9.) She contends, however, that her motion "is purely defensive in nature and [is] designed to prevent the substantial risk of Defendants making Offers of Judgment and/or settlement offers for the explicit purpose of 'picking off' the named Plaintiff (Ms. Beaudry) and/or any subsequently named Plaintiffs." (Docket No. 57 at 1-2.) She requests that the court hold the certification motion in abeyance until discovery can be taken and that she be allowed to supplement the motion with evidence acquired during discovery.[2] (*Id.* at 2.)

The plaintiff argues that, without a pending class certification motion on the docket, the defendants will be able to frustrate the class-action process by settling with her or by making a Rule 68 offer of judgment that moots her individual claim. (Docket No. 59 at 6-7.) The defendants argue that the court should deny the Motion for Class Certification as premature. (Docket No. 60 at 1.)

---

[2] The Proposed Case Management Order filed by the plaintiff would set the pre-certification discovery deadline at March 31, 2011 and would require the plaintiff to file her Supplemental Motion for Class Certification by May 2, 2011. (Docket No. 55 at 4.) Thus, it appears that the plaintiff is requesting that the court hold the motion in abeyance for ten months.

3

The court will deny the plaintiff's request to hold the motion in abeyance for two reasons. First, the plaintiff has presented no authority for the proposition that it is procedurally proper for the court to hold in abeyance a class certification motion that the plaintiff intentionally filed prematurely. Typically, courts dismiss premature motions. *See Yakubova v. Chertoff*, No. 06 CV 3203, 2006 U.S. Dist. LEXIS 97655, at *13 (E.D.N.Y. Nov. 1, 2006) ("The plaintiffs' motion for class certification . . . [is] denied as premature without prejudice to renewal after the completion of discovery."); *see also, e.g.*, *Burns v. Cole*, No. 09-2794, 2009 U.S. Dist. LEXIS 89897, at *5 (D.N.J. Sept. 28, 2009) (denying class certification motion as premature); *Lebowitz v. Dow Jones & Co.*, No. 06 Civ. 2198, 2008 U.S. Dist. LEXIS 68212, at *4 (S.D.N.Y. Sept. 10, 2008) (same).

The plaintiff points to three cases in which a district court held a class certification motion in abeyance. (Docket No. 59 at 5-6.) But, in each of those cases, it appears that the plaintiff filed the motion in good faith and that the court held the motion in abeyance on its own initiative after determining that more discovery was needed. *See HRSS, Inc. v. Wayne County Treasurer*, 279 F. Supp. 2d 846, 860 (E.D. Mich. 2003) ("In light of the above findings, the court finds that further briefing and/or evidentiary hearings are warranted before the court considers the question of class certification."); *Ceisler v. First Pennsylvania Corp.*, No. 89-9234, 1991 U.S. Dist. LEXIS 6526, at *1-2 (E.D. Pa. May 10, 1991) (holding certification motion in abeyance after ordering discovery in response to the defendant's summary judgment motion); *Ciocco v. City of Philadelphia*, No. 89-4097, 1990 U.S. Dist. LEXIS 14467, at *6 (E.D. Pa. Oct. 23, 1990) ("This Court must be presented with further information regarding these points of

4

substantial importance before it can properly determine the issue of class certification."). None of the cases involved a plaintiff who filed a "placeholder" motion for class certification.

Second, policy considerations that might justify a placeholder motion do not apply to this case. Beaudry cites *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), in which the Third Circuit expressed concern regarding a "defendant's ability to 'pick off' representative plaintiffs and thwart a class action." *Id.* at 345; (Docket No. 59 at 2 n.2; Docket No. 47 at 1.) But the issues underlying *Weiss* and similar cases are not present here.

The plaintiff in *Weiss* filed a putative class action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, seeking the statutory maximum damages of $1,000, plus attorney's fees and expenses. 385 F.3d at 339. Before the plaintiff moved to certify the class, the defendant made an offer of judgment under Federal Rule of Civil Procedure 68,[3] offering him the statutory maximum on his individual claim. *Id.* at 340. The defendant then moved to dismiss for mootness, because "[a]n offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Id.* The district court agreed and dismissed the entire action. *Id.*

The Third Circuit reversed, holding that, although the individual claim was moot, the plaintiff should be allowed to pursue a motion for class certification. The court recognized that "a class action may be dismissed when the named plaintiff's claim is rendered moot before filing

---

[3] Rule 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.." Fed. R. Civ. P. 68(a). If the plaintiff refuses the offer, and "[i]f the judgment that the [plaintiff] finally obtains is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after the offer was made." *Id.* 68(d).

5

a motion for class certification." *Id.* at 342. But after examining two Supreme Court cases, *U.S. Parole Commission v. Geraghty*, 445 U.S. 388 (1980), and *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), the court decided that the "appropriate course [was] to relate the certification motion back to the filing of the class complaint." *Id.* at 348. Relation back is allowed if a named plaintiff's individual claim is "'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" *Id.* at 346 (quoting *Geraghty*, 445 U.S. at 399). This would permit the district court to decide the merits of the motion.

The *Weiss* court was largely concerned with the possibility that a class action defendant might "pick off" successive named plaintiffs by mooting their individual claims with relatively inexpensive Rule 68 offers, preventing the class-action litigation from ever proceeding. *Id.* at 345 (citing *Roper*, 445 U.S. at 339). In that scenario, "[a]lleged violators of federal law would be allowed to tender the statutory amount of damages to a named plaintiff, derailing a putative class action and frustrating the goals and enforcement mechanism of the FDCPA."[4] *Id.*

But the Third Circuit took pains to emphasize that this tactic is harmful because it involves *involuntary* resolution of the named plaintiff's individual claim. *Id.* at 349. The court contrasted this with situations in which the plaintiff "agree[s] to settle with the defendants." *Id.*

---

[4] A number of cases have dealt with this tension between Rule 68 and Rule 23. These cases arise almost exclusively in the context of the FDCPA, where the defendant has offered the $1,000 statutory maximum in an effort to moot the named plaintiff's individual claim. *See, e.g.*, *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005); *Valentine v. Check Plus Systems, L.P.*, No. 5:09CV1987, 2010 U.S. Dist. LEXIS 63258 (N.D. Ohio June 23, 2010); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847 (W.D. Ky. 2007).

6

Under those circumstances, relation back is unnecessary because "no unilateral action by the Defendant render[s] the plaintiffs' claims 'inherently transitory.'" *Id.*; *see also* 5 Moore's Federal Practice § 23.64[1][b] (3d. ed.) ("The Third Circuit made clear that its holding applied in the Rule 68 context because, in that context, the settlement is involuntary on the part of the plaintiff . . . . Relation-back does not apply to prevent mootness in situations in which the plaintiffs voluntarily settle their claims before moving for class certification.").

In the instant case, it does not appear that there is any danger of the defendants mooting Beaudry's claim with a Rule 68 offer of judgment, at least at this stage in the litigation. The plaintiff's Complaint alleges that the defendants willfully violated the FCRA, and she seeks punitive damages. (Docket No. 1 ¶¶ 86-99, 104(l).) Unlike the FDCPA, the FCRA allows the recovery of punitive damages for willful violations. *Compare* 15 U.S.C. § 1681n(a)(2) (allowing punitive damages) *with id.* § 1692k(a) (not allowing punitive damages and capping statutory damages at $1,000). At this point, the court and the parties cannot say what, if any, the full measure of those damages might eventually be. Thus, practically speaking, the defendants cannot unilaterally make an offer of judgment that moots the plaintiff's claims by giving her "complete relief."[5] *Cf. Weiss*, 385 F.3d at 340. This makes the plaintiff's premature class certification motion unnecessary.[6]

---

[5] The defendants explicitly argue that they believe that they "cannot take unilateral action to eliminate subject matter jurisdiction," and that, in any event, "they are not inclined to make [a Rule 68] offer." (Docket No. 60 at 4, 4 n.1.) Although the plaintiff states that she has already refused settlement offers from the defendants (Docket No. 59 at 2 n.3), she does not claim that they have made a Rule 68 offer for judgment.

[6] It is worth noting that *Weiss* addressed the scenario that Beaudry fears, yet it did not endorse the use of premature, placeholder motions for class certification. In fact, it applied the

7

It does appear that, if Beaudry *voluntarily* settles her individual claims before filing a ripe motion for class certification, the class claims should be dismissed. "Where . . . the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required."[7] *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). The plaintiff's motion papers seem to conflate voluntary settlement with involuntary resolution stemming from a Rule 68 offer of judgment. (*See* Docket No. 59 at 2; Docket No. 57 at 1-2.) But a defendant's attempt to avoid class litigation is obviously less troublesome, if indeed it is troublesome at all, when it is accomplished by a voluntary settlement with the named plaintiff. *See Weiss*, 385 F.3d at 349.

A recent case illustrates the Sixth Circuit's hesitance to depart from standard procedural rules when a named plaintiff has voluntarily settled. In *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701 (6th Cir. 2009), the district court denied a class certification motion, and the named plaintiffs voluntarily settled their individual claims before appealing the denial of certification. *Id.* at 703. The Sixth Circuit held that this rendered the class claims moot and that the plaintiffs were not allowed to go forward with the appeal, because "class certification [had not] been

---

relation-back doctrine in part because "[t]o hold otherwise would predictably result in a plaintiff who seeks class relief . . . filing a motion for class certification at the time of filing the class complaint." *Weiss*, 385 F.3d at 348 n.19.

[7] In *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005), the Sixth Circuit allowed a certification motion to go forward because the motion was already pending when the defendant mooted the plaintiff's individual claim via a Rule 68 offer. *Id.* at 624-25. But this was because a series of Rule 68 offers "'could prevent the courts from ever reaching the class action issues,'" making the class action mechanism "'at the mercy of a defendant.'" *Id.* (quoting *Brunet*, 1 F.3d at 400). Although the plaintiffs in *Carroll* nominally accepted the defendant's Rule 68 offer, they accepted it only *after* the defendant had filed a motion to dismiss for mootness. *Id.* at 622. As explained above, the defendants here cannot unilaterally prevent this court from addressing a ripe motion for class certification, so the concerns addressed in *Carroll* are not implicated.

8

granted prior to the settlement."[8] *Id.* at 703 n.1 (citing *Brunet*, 1 F.3d at 399). The court noted that, "*even if picking off the named plaintiff were a concern*, [the court was] not at liberty to create a controversy where one no longer exists." *Id.* at 707 (emphasis added).

Furthermore, even if Beaudry were to voluntarily settle while a motion for class certification is pending, it is unclear how the court could grant the motion. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). If Beaudry settles her claims, "it appears that [she would] have little, if any incentive to advocate on behalf of the putative class," so she and the absent class members "would not share the same interest in pursuing the litigation." *Pettrey*, 584 F.3d at 707. "[T]his would be fatal to class certification because [Rule] 23(a)(4) requires that the named plaintiffs in a class action possess the same interest as the class members." *Id.*; *see also Eckert v. Equitable Life Assurance Soc'y of the United States*, 227 F.R.D. 60, 64 (E.D.N.Y. 2005) ("Given that [the named plaintiff] has settled his individual claim, it is apparent that he can no longer adequately represent the interests of the proposed class.").

Accordingly, the court will not take the unusual and apparently unprecedented step of allowing an intentionally premature motion for class certification to linger on the docket for nearly a year. The plaintiff is free to refile her motion when she can support it with sufficient

---

[8] This was essentially the same scenario present in *Roper*, in which the Supreme Court allowed the appeal to go forward, except that, in *Roper*, the resolution of the plaintiffs' claims was involuntary. *See Roper*, 445 U.S. at 332 ("At no time did the named plaintiffs accept the tender in settlement of the case . . . ."); *Pettrey*, 584 F.3d at 705 ("[I]t is doubtful that there is a live controversy here because the named plaintiffs' claims were voluntarily relinquished, whereas they were involuntarily terminated in both *Roper* and *Geraghty*.").

9

evidence.

## CONCLUSION

For all of the reasons discussed above, the court will deny, without prejudice, the plaintiff's Renewed Motion for Class Certification, to Hold Class Certification Motion in Abeyance Pending Completion of Discovery, and to Permit Supplementation of Class Certification Motion Following Completion of Discovery.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge